IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JOHN PHILLIP THOMAS (01)

No. 4:25-CR-282-P

## FACTUAL RESUME

PLEA:  One Count Information. Providing Material Support to Terrorists, violation of 18
U.S.C. § 2339A

## MAXIMUM PENALTY:

- Imprisonment not to exceed 15 years;
- A fine not to exceed $250,000 or both a fine and imprisonment;
- A supervised-release term not to exceed three years, which would follow
  any prison term.  If the defendant violates any of the supervised-release
  conditions, the Court could revoke the defendant's supervised release and
  order the defendant to serve additional time in prison;
- A $100 mandatory special assessment;
- Forfeiture of property: and
- Restitution

## ELEMENTS OF THE OFFENSE:

The essential elements that must be proved beyond a reasonable doubt to establish the
offense charged are as follows:

First:        The defendant provided, attempted to provide, or conspired to
provide material support or resources, or concealed or disguised, attempted to
conceal or disguise, or conspired to conceal or disguise the nature, location,
source, or ownership of material support or resources in the manner described in
the indictment; and

Second:        The defendant knew. intended. or reasonably should have known as
a foreseeable consequence of the conspiracy, that the material support or resources
were to be used to carry out the concealment of an escape from the commission of
18 U.S.C. § 1114.

**Factual Resume - Page 1**

<u>STIPULATED FACTS:</u>

On or about July 4, 2025, an Antifa cell conducted an act of terrorism targeting the Prairieland Detention Center (Prairieland) in Alvarado, Texas, which included attempted murder of two officers of the United States Government and one police officer assisting such officers, in violation of 18 U.S.C. § 1114. The attempted murder was conducted to influence and affect the conduct of the government by intimidation and coercion, and to retaliate against government conduct. Thomas did not have information regarding the event prior to the occurrence other than general knowledge that there was to be a protest somewhere. He was not given information regarding the location or intended actions.

On or about July 5, 2025, Thomas learned that there had been an incident involving gunfire, and he learned that Coconspirator-1 had escaped immediate arrest and was hiding in the woods near U.S. 67 and I-35W in Alvarado. In the evening of July 6, 2025, Thomas learned from Co-conspirator-1 that Co-conspirator-1 had shot a police officer responding to the scene at Prairieland. Thomas conspired with others to provide property, lodging, and transportation, knowing and intending that such support was to conceal Coconspirator-1's escape from the act of terrorism.

For example, on or about July 5, 2025, Thomas, working with others, provided transportation and lodging to Coconspirator-1 by picking Coconspirator-1 up in Thomas' vehicle in Alvarado and driving Coconspirator-1 to an apartment in the Northern District of Texas. On or about July 6, Thomas also purchased new clothing for Coconspirator-1. On July 7, Thomas took Coconspirator-1 to a public parking lot to where he handed Coconspirator-1 off to another coconspirator who drove Coconspirator-1 to an apartment. Thomas knew and intended that this transfer was to keep Coconspirator-1 on the move and change locations every few days in order to facilitate Coconspirator-1's escape from capture for an act of terrorism, namely, a violation of 18 U.S.C. § 1114.

SIGNED this _10TH_ day of _NOVEMBER_____, 2025.


_____
JOHN PHILLIP THOMAS
Defendant

_____
MARK DANIELSON
Counsel for Defendant

Factual Resume – Page 2